UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **Steven Welp, on behalf of himself and all others similarly situated,** | Case No. 9:17-cv-80237 |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| **Cigna Corporation, NextEra Energy, Inc., and the Employee Benefit Plans Administrative Committee,** | **AND JURY DEMAND** |
| Defendants. | |

NOW COMES plaintiff Steven Welp ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, asserts to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

### A.   INTRODUCTION

**1.** This lawsuit presents a narrow issue that is of critical importance – may a health insurer deny coverage for mental health treatment in circumstances where there is no corresponding limitation for treatment for physical injury and <u>not</u> violate the federal Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act")? It is the burden of this case that Defendants' denial of coverage breaches the protections of the Parity Act, which are – as a matter of law – embedded as a material term of the contract of insurance that governs the rights and responsibilities of the parties.

11

2. Plaintiff received his health insurance through his - employer, NextEra Energy, Inc. ("NextEra"). This self-insured plan was provided by NextEra and administered by NextEra, its Employee Benefit Plans Administrative Committee ("EBPAC") and Cigna Corporation ("Cigna"). The plan is regulated by ERISA. Plaintiff's 22-year old son is a covered beneficiary under this plan, as well.

3. A copy of the summary plan description is attached to this Complaint as **Exhibit A**. This is a standardized form document created by Cigna and, upon information and belief, is materially identical to other certificates offered by Cigna to its subscribers.

### JURISDICTION AND VENUE

4. This Court has jurisdiction in this ERISA matter via 28 U.S.C. § 1331.

5. Venue is appropriate in this district because the plan provides that any suit for benefits under the plan must be brought in this district (**Exhibit A, p. 199**), Plaintiff and NextEra may be found here, and at least some of the breaches at issue took place here. 29 U.S.C. § 1132(e)(2).

6. In conformity with 29 U.S.C. § 1132(h), Plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of the Treasury.

### PARTIES

7. At all relevant times, Plaintiff was a full-time employee for NextEra. He currently lives in Stuart, Florida and works in Jupiter, Florida. His employer-sponsored health insurance at issue in this litigation was provided by NextEra and Cigna. Plaintiff's son was also covered under his plan. Under ERISA, Plaintiff is a "plan participant." 29 U.S.C. § 1002(7).

8. Defendant NextEra is a for-profit, publicly traded electric company incorporated in Florida with its principal place of business located in Juno, Florida. In this Complaint,

"NextEra" refers to NextEra Energy, Inc. and all related, successor, predecessor, parent and subsidiary entities to which these allegations pertain. Under the terms of the plan, NextEra is the employer plan sponsor. Accordingly, at all relevant times, together with the other two defendants, NextEra had full discretionary authority to administer the plan and accordingly owes fiduciary obligations to plan participants and beneficiaries.

9. The Employee Benefit Plans Administrative Committee is a committee created by NextEra with discretionary authority to administer and interpret the plan at issue (**Exhibit A, p. 116**). The Committee's principal place of business is located in Juno, Florida. In this Complaint, "EBPAC" refers to the Employee Benefit Plans Administrative Committee and all related, successor, predecessor, parent and subsidiary entities to which these allegations pertain.

10. Defendant Cigna is a for-profit, publicly-traded insurance company incorporated in Delaware with its principal place of business located in Philadelphia, Pennsylvania. In this Complaint, "Cigna" refers to Cigna Corporation and all related, successor, predecessor, parent and subsidiary entities to which these allegations pertain. Under the terms of the plan, Cigna is a claims administrator/third party administrator with discretionary authority over the delivery of health insurance benefits. Accordingly, at all relevant times, together with the other two defendants, Cigna had full discretionary authority to administer the plan and accordingly owes fiduciary obligations to plan participants and beneficiaries.

**FACTS**

**A.   Coverage**

11. Under the terms of the plan, NextEra and EBPAC are required to pay – at least in part – for all "covered charges" that are "medically necessary." (**Exhibit A, p. 36**). The plan defines "covered charges" as "medical services and supplies that are specifically covered by the

plan". The plan further states that, "[t]o be covered, a medical service or supply must be medically necessary." (*Id.*) "Medically necessary" in turn:

> means that a specific health care service or supply is of demonstrated value for treatment of the medical condition, consistent with the diagnosis and no more than required to meet the health needs of the patient. For example, it must be required for purposes other than comfort or convenience and must be provided in the least intensive setting that is appropriate. All determinations of medical necessity are made by Cigna based upon Cigna's medical necessity policies, which are a part of the plan's terms and conditions. Adverse medical necessity determinations are subject to your right to appeal to NextEra Energy's Employee Benefit Plans Administrative Committee (EBPAC).

(*Id.*). Mental Health and substance abuse treatment is a covered service. (*Id.* at 42).

12. Plaintiff's son, who is covered under his father's plan and is thus entitled to receive health insurance coverage based on the same plan language as his father's, has struggled for years with mental health issues such as early childhood trauma, complex post-traumatic stress disorder, attention deficit hyperactivity disorder, depression, low self-esteem, and drug use. On February 2015, his therapist concluded that he was no longer treatable in an out-patient setting, and recommended an intensive, in-patient treatment. His parents chose, and he was transmitted, to Second Nature Therapeutic Wilderness Program, a mental health service provider based in Duchesne, Utah, where he commenced treatment on February 27, 2015.

13. Plaintiff sought coverage under the NextEra health and welfare benefits plan, which was denied.

14. Plaintiff appealed NextEra's denial on March 11, 2015. NextEra affirmed its benefit denial on June 23, 2015. Again, the coverage denial was based exclusively on the plan's exclusion for all wilderness-related treatment without regard to the services' medical necessity. The denial stated as follows:

> In NextEra's Summary Plan Description, Page 36 states:

> Medically necessary means that a specific health care service or supply is of demonstrated value for treatment of the medical condition, consistent with the diagnosis and no more than required to meet the health needs of the patient.  For example, it must be required for purposes other than comfort or convenience and must be provided in the least intensive setting that is appropriate.  All determinations of medical necessity are made by Cigna based upon Cigna's medical necessity policies, which are a part of the plan's terms and conditions. Adverse medical necessity determinations are subject to your right to appeal to NextEra Energy's Employee Benefit Plans Administrative Committee (EBPAC).
>
> In Cigna's Standards and Guidelines/Medical Necessity Criteria, under the section titled, Residential Mental Health Treatment for Children and Adolescents – Exclusions, page 27 states "**Wilderness Programs, Boot Camps, and/or Outward Bound Programs:**  These programs may provide therapeutic alternatives for troubles [sic] and struggling youth, teens and adults, offering experiential learning and personal growth through outdoor and adventure-based programming.  However, they do not utilize a multidisciplinary team that includes psychologists, psychiatrists, pediatricians, and licensed therapists who are consistently involved in the care of the child or adolescent.  These programs nearly universally do not meet standards for certification as psychiatric residential treatment programs or the quality of care standards for medically supervised care provided by licensed mental health professionals.

(**Exhibit B, pp. 1-2**).  Upon the denial of his appeal, Plaintiff exhausted the internal administrative appeal process. Plaintiff has personally paid for the services rendered at Evoke following the Defendants' denial.

    **15.**    Defendants' wilderness therapy exclusion violates the federal Parity Act. The Parity Act was "designed to end discrimination in the provision of coverage for mental health and substance use disorders as compared to medical and surgical conditions in employer-sponsored group health plans and health insurance coverage offered in connection with group health plans." *American Psychiatric Ass'n v. Anthem Health Plans,* 50 F. Supp.3d 157, 160 (D. Conn. 2014).  In relevant part, the Parity Act states:

> In the case of a group health plan (or health insurance coverage offered in connection with such a plan) that provides both medical and surgical benefits and mental health or substance use disorder benefits, such plan or coverage shall ensure that—

5

> (ii) the treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.

29 U.S.C. § 1185a(a)(3)(A)(ii).

16. The issue as to whether an insurer may lawfully deny all mental health treatment based on the location in which it was rendered was considered in *Joseph & Gail F. v. Sinclair Servs. Co.,* 2016 U.S. Dist. LEXIS 8644 (D. Utah Jan. 22, 2016). There the court found that such a blanket exclusion violated the Act:

> To be sure, the Parity Act does not require plans to provide mental health or substance use disorder benefits at all. But once a plan does provide such benefits, the plan must do so on a level that is on par with the benefits it provides for medical and surgical benefits. And once provided, the Parity Act prohibits imposing treatment limitations applicable only to mental health benefits.
> Further, although the Administrator argues that the exclusion applies across the board, there is no evidence to suggest that coverage for residential treatment would have been available for medical or surgical conditions but for the exclusion. Without evidence to that effect, the Administrator's argument that it would have also denied residential treatment benefits for medical or surgical conditions under the exclusion is illusory. The court concludes that the Plus Plan's residential treatment exclusion violates the Parity Act because the exclusion is a "separate treatment limitation[] that [is] applicable only with respect to mental health . . . benefits."

*Id.* at *51.

17. Defendants' plan violates the Parity Act in exactly the same manner. Its blanket exclusion for services rendered at wilderness treatment centers is a separate treatment limitation applicable only to mental health benefits and thus violative of the Parity Act.

### CLASS ALLEGATIONS

18. Plaintiff brings this lawsuit on his own behalf and on behalf of the following class: *All persons who are covered under any contract or plan of health insurance that is administered, underwritten or insured by Cigna that insures behavioral or mental health care*

6

*and whose claim for coverage for wilderness therapy was denied because the contract or plan excluded such coverage.* This is called the **Cigna Class.**

19. Plaintiff also brings this lawsuit on his own behalf and on behalf of the a second class, as follows: *All persons who are covered under any contract or plan of health insurance that is administered, underwritten or insured by NextEra that insures behavioral health care and whose claim for coverage for wilderness therapy was denied because the contract or plan excluded such coverage.* This is called the **NextEra Class.**

20. Membership in the proposed classes is so numerous that individual joinder of all class members is impracticable except by means of a class action. The disposition of the claims in a class action will benefit both the parties and the Court. The exact number of class members can be readily determined through discovery of Defendants' business records.

21. Plaintiff's claims are typical of all other class members. All class members' claims are unified, as all were improperly denied coverage in a manner that violated the protection of the federal Parity Act.

22. Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of both classes. Plaintiff is a member of both classes.

23. Plaintiff will adequately represent both classes because he has interests in common with the proposed class members and Plaintiff has retained attorneys who are experienced in class action litigation.

24. There is a well-defined community of interest in the questions of law and fact involving and affecting the classes to be represented by Plaintiff. Common questions of law and/or fact predominate over any questions affecting only individual members of the class. Common questions include, but are not limited to, the following:

      a. Does Defendants' blanket denial of coverage for wilderness therapy violate the Parity Act?

      b. If the Defendant's acts violate the Parity Act, what is the appropriate remedy?

      c. What is the appropriate measure of relief?

25. The prosecution of separate actions by individual members of the classes would create a risk of:

      a. Inconsistent or varying adjudications concerning individual members of the class and/or subclass that would establish incompatible standards of conduct for the Defendants opposing the classes; and

      b. Adjudication with respect to individual members of the classes that would, as a practical matter, be dispositive of the interests of other members not parties to such adjudications, and/or substantially impair or impede the ability of other non-party class members to protect such individual interests.

26. The class action method is appropriate for the fair and efficient prosecution of this action.

27. Individual litigation of all claims that might be asserted by all members of both classes would produce such a multiplicity of cases that the judicial system, having jurisdiction of the claims, would remain congested for years. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of Defendants.

28. The certification of the above classes would allow litigation of claims that, in view of the expense of the litigation, may be an insufficient amount to support separate actions.

## LEGAL CLAIMS

### Count 1 – Plan Enforcement under 29 U.S.C. § 1132(a)(1)(B)

29. Plaintiff restates paragraphs 1 – 28 as if fully set forth.

**30.** This claim is brought by both the NextEra and Cigna class against all three defendants.

**31.** Plaintiff's first legal claim is brought under 29 U.S.C. § 1132(a)(1)(B). The class period for this claim extends six years back from the commencement of this action.

**32.** As a matter of law, Defendants' benefit plans incorporate 29 U.S.C. § 1185a(a)(3)(A)(ii).

**33.** Plaintiff has standing to assert claims "to recover benefits due … under the plan" and to "clarify [his] rights to future benefits under the terms of the plan," as authorized by 29 U.S.C. § 1132(a)(1)(B).

**34.** Defendants have breached the terms of their health plans through their violation of the Parity Act by their blanket refusal to cover treatment at wilderness therapy, causing injury to the Plaintiff and both classes.

### Count 2 – Breach of Fiduciary Duty Under 29 U.S.C. § 1132(a)(3)

**35.** Plaintiff restates paragraphs 1 – 28 as if fully set forth.

**36.** This claim is brought by both the NextEra and Cigna class against all three defendants.

**37.** Plaintiff's second claim is for breach of fiduciary duty as those duties are incorporated within the ERISA statute. The class period for this class extends back six years from the commencement of this action.

**38.** Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a participant or beneficiary "to enjoin any act or practice which violates any provision of [ERISA Title I]" or to "obtain other appropriate equitable relief … to redress such violations … [or] to enforce any provisions of" ERISA Title I.

39.     As part of the Parity Act, effective January 1, 2009, ERISA was amended to add a provision titled "Parity in Mental Health and Substance Use Disorder Benefits." This section, 29 U.S.C. § 1185a(a)(3)(A), requires that, in the case of a group health plan or health insurance offered in connection with such a plan, "the financial requirements applicable to such mental health … benefits are no more restrictive than the predominant financial requirements applied to substantially all medical and surgical benefits covered by the plan" and "the treatment limitations applicable to such mental health … benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."

40.     Defendants' blanket denial of wilderness therapy violates this ERISA section, which causes injury to Plaintiff, the class and the subclass.

**WHEREFORE**, Plaintiff requests the following:

a. Certification of the NextEra and Cigna classes described above with the appointment of Plaintiff as the class representative and the undersigned attorneys as class counsel;

b. An award of benefits representing those sums that Plaintiff and class members paid for wilderness treatment that should have been covered by Defendants;

c. Disgorgement of all profits Defendants enjoyed through the use of money that should have been used to pay Plaintiff's, and class's legitimate coverage claims;

d. An order requiring Defendants to cover all medically necessary wilderness treatment in the future;

e. Any and all other relief related to this action, including payment of reasonable fees, costs, and interest where permitted by law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be so tried.

Dated:   February 24, 2017                            Respectfully submitted,

*/s/ Jordan Lewis*
Jordan Lewis
JORDAN LEWIS, P.A.
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Telephone: 954-616-8995
Facsimile: 954-206-0374
Email: *jordan@jml-lawfirm.com*

Patrick J. Sheehan (to apply for admission *pro hac vice*)
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109
Telephone: (617) 573-5118
Facsimile: (617) 371-2950
Email: *psheehan@whatleykallas.com*

*Counsel for Plaintiff*